UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JEFF MANCHESTER

CIVIL ACTION

VERSUS

NO. 09-026-BAJ-CN

GEORGIA PACIFIC, LLC AND
XYZ INSURANCE COMPANY

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a Motion for Summary Judgment (doc. 9) filed by defendant, Georgia Pacific, LLC.  Plaintiff, Jeff Manchester, has filed an opposition.  Jurisdiction is based on 28 U.S.C. §1332, diversity of citizenship.

## BACKGROUND

The case presently before the Court involves an employment-related incident. At all times relevant to the incident, plaintiff Jeff Manchester ("Manchester") was employed by Georgia-Pacific, LLC ("Georgia-Pacific"), a Delaware limited liability company. Manchester, a Louisiana resident, worked at Georgia-Pacific's paper mill facility in Port Hudson, Louisiana. The facts concerning the manner in which the incident occurred are materially undisputed.  On December 10, 2007, Manchester was working at the paper mill on the No. 7 palletizer machine along with Ricky Dixon, another Georgia-Pacific employee. The ejector mechanism on the palletizer jammed, and was manually cleared by Manchester and Dixon.  After clearing the jam, the

1

ejector jammed once again, and Manchester walked to the rear of the machine to clear the jammed pallet while Dixon remained in the front area of the machine. Manchester opened the gate to the palletizer, and reached underneath the elevator to remove the jammed pallet. After the pallet was removed, the machine began a new cycle, which caused the elevator under which Manchester was standing to fall upon him.   Manchester sustained bodily injury as a result of the incident. Manchester filed suit in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana on December 9, 2008 against Georgia-Pacific and XYZ Insurance Company, a fictitious insurer. This case was removed to this Court by Georgia-Pacific on January 15, 2009.

## SUMMARY JUDGMENT

The purpose of summary judgment is to pierce pleadings and to assess proof in order to determine whether there is a genuine need for trial.  *R.J. Reynolds Tobacco Co. v. Hudson*, 314 F.2d 776, 788 (5th Cir. 1963).  In considering a motion for summary judgment, the court must construe all pleadings liberally in favor of the party against whom the motion is made, and the motion should be granted only where the moving party is entitled to judgment as a matter of law and the record clearly shows that no genuine issue of material fact exists.  *Dassinger v. South Central Bell Tel. Co.,* 505 F.2d 672, 674 (5th Cir. 1974).  The party seeking summary judgment bears the burden of showing that there is no material fact in dispute, and every reasonable inference arising from the record must be resolved in favor of the

party opposing the motion. *Hodges v. Exxon Corp.*, 727 F.2d 450, 452 (5th Cir. 1984). A fact is material if it might affect the outcome of the suit under the governing law. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001).

## LAW AND ARGUMENT

Georgia-Pacific argues that Manchester's suit for damages against it is barred by the provisions of the Louisiana Workers' Compensation Act ("LWCA"), La. R.S. 23:1021 et seq. La. R.S. 23:1032A(1)(a) provides as follows:

> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

Plaintiff seeks recovery against Georgia-Pacific pursuant to the exception stated in Subsection B of La. R.S. 23:1032, which provides:

> B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, **resulting from an intentional act**. (emphasis added)

3

Georgia-Pacific maintains that because Manchester's injuries were the result of a work-related accident, plaintiff is limited to seeking recovery pursuant to the LWCA and is prohibited from recovering directly from Georgia-Pacific by means of a suit for damages. In opposition to Georgia-Pacific's motion for summary judgment, Manchester contends that his injuries were the result of an intentional act on the part of Georgia-Pacific, and therefore, pursuant to La. R.S. 23:1023B, his suit for damages against Georgia-Pacific is not barred by the LWCA.

The Louisiana Supreme Court has determined that the term "intentional act" as used in the LWCA has the same meaning as an intentional tort for the purposes of civil liability. *Bazley v. Tortorich*, 397 So.2d 475, 480 (La. 1981). Specifically, the Court stated that "[t]he meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." *Id.* at 482. The Court rejected a conjunctive reading of this definition, finding that an intentional act may occur through either of the two prongs. *Id.* In the present case, Manchester argues that Georgia-Pacific committed an intentional act through the second prong, i.e., that it believed that physical injury such as that suffered by Manchester was substantially certain to occur through the operation of the machinery in question.

The Louisiana Supreme Court further examined the second prong of its definition of "intentional act" in the case of *Reeves v. Structural Preservation*

4

*Systems*, 1998-1795 (La. 3/12/99), 731 So.2d 208. In *Reeves*, a plaintiff employee was injured while moving a sandblasting pot manually, as directed by the employee's supervisor. OSHA guidelines prohibited the pot from being moved manually, and required the pot to be labeled with a sticker to that effect. The plaintiff and other employees had successfully moved the pot manually without incident on several other occasions prior to the date of the injury.

Examining the facts of the *Reeves* case in accordance with the intentional act exception, the Court found that the exception was not applicable, and that the plaintiff's suit against his employer was barred by the provisions of the LWCA. The Court found that "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." *Id.* at 212. The Court further noted that "'[s]ubstantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.'" *Id.* at 213, quoting *Jasmin v. HNV Cent. Riverfront Corp.*, 94-1497 (La.App. 4 Cir. 8/30/94), 642 So.2d 311, 312. "Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing." *Id.*

In opposition to the motion for summary judgment, Manchester argues that during the summer of 2007, months prior to incident which caused Manchester's

injuries, a weekly safety meeting or "safety blitz" was held regarding the palletizer machines, and it was determined that additional training was needed, a "lock and tag out" procedure should be implemented,[1] and that the safety gate presented a dangerous situation.  In response to these findings, Georgia-Pacific secured the safety gate with bolts or pins, and painted the gate yellow as a warning signal. However, Manchester asserts that he was not provided with additional training on the palletizer machine, and that the "lock and tag out" procedure was not implemented until after the incident.[2]

Manchester points to several Louisiana cases which have determined that injuries suffered by an employee were the result of an employer's intentional act, and therefore the right of the employee to file suit against the employer was not barred by the LWCA.  Two of the cases cited by Manchester involve employees' exposure to toxic fumes. In *Abney v. Exxon Corp.*, 1998-0911 (La.App. 1 Cir. 9/24/99), 755 So.2d 283, the Louisiana First Circuit Court of Appeal affirmed the trial court's determination that an employer committed an intentional act where plaintiffs, who complained on several occasions about physical symptoms,  became ill after being exposed to and inhaling hazardous substances without the proper safety equipment.

---

[1] "Lock and tag out" or "Lock out, tag out" is a safety procedure which prevents machinery from being turned back on after it has been turned off.  Deposition of Kendall Gerald, p. 44, line 24 -p. 45 line 5

[2] The deposition testimony of Kendall P. Gerald, a Georgia-Pacific employee, is provided as an exhibit to the memoranda of both parties. Gerald's testimony indicates that "lock out, tag out" is a basic safety procedure taught to all new Georgia-Pacific employees at orientation. See, Deposition of Kendall P. Gerald, p. 44, lines 16-23. It is uncertain from Gerald's testimony whether this procedure was implemented before or after Manchester's injuries occurred.

As stated by the court of appeal, "[w]hen an employer repeatedly sends employees back to work without safety equipment or without remedial measures being taken, and the employees are inevitably injured each time they are sent back to work, then the employer can be considered to have committed an intentional act." *Id.* at 289. In *Belgard v. America Freightways, Inc.*, 1999-1067 (La.App. 3 Cir. 12/29/99), 755 So.2d 982, the Louisiana Third Circuit Court of Appeal reversed the trial court's summary judgment in favor of a defendant employer in a case involving an employee's exposure to hazardous ammonia fumes.  In reversing the judgment of the trial court, the court of appeal stated, "[t]o order an unprotected worker into area of toxic fumes that has just been evacuated to protect other workers is hardly harmless conduct. In other cases where an employer has had knowledge of a dangerous situation and, nevertheless, ordered an employee into a situation where injury is likely to occur, as here, we have reversed a trial court's grant of summary judgment in favor of the employer and remanded for trial." *Id.* at 986.

Manchester also cites the case of *Wainwright v. Moreno's, Inc.*, 602 So.2d 734 (La.App. 3 Cir. 5/20/1992), in support of his position. *Wainwright* involved a plaintiff employee who was injured on a job site when the ditch where he was installing a pipe caved in. The facts produced at trial indicated that the ditch had caved in on the previous day, and that on the day of the accident, the employer was made aware that the sides of the ditch appeared unstable. The Louisiana Third Circuit Court of Appeal affirmed the trial court's determination that the employer committed an

7

intentional act.   Manchester argues that *Wainwright*'s factual scenario may be equated to the facts of the present case, in that "[t]he undisputed facts indicate that Georgia-Pacific knew of the dangerous condition that cause Mr. Manchester's injury, but did nothing to prevent it."[3] Manchester cites Georgia-Pacific's failure to implement necessary additional training on the palletizer machines in support of this contention.

Accepting the facts alleged by the plaintiff as true and considering these facts in the context of the Louisiana Supreme Court's interpretation of the intentional act exception, this Court cannot determine as a matter of law that Manchester's injuries were caused by an intentional act of Georgia-Pacific.   In the cases cited by Manchester, where courts have found an intentional act to have occurred, the employers were unequivocally aware of an imminent threat of injury or harm to which their employees were exposed, and nevertheless repeatedly instructed the employees to remain working in these hazardous conditions.   Manchester argues that the findings at the safety blitz constituted such an awareness on the part of Georgia-Pacific.   The Court does not agree.   The Court finds that the facts of the instant case are more similar to those of *Reeves*, *supra*.    Accepting as true Manchester's contention that there were safety and training problems with the no. 7 palletizer machine, it is apparent that the machine was in operation without incident for a lengthy period of time prior to Manchester's injury.   Georgia-Pacific

---

[3] Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 6

indicates that the only other injury involving a palletizer machine occurred approximately 17 years prior, and Manchester does not allege that there have been any injuries other than his own since that time.  To the contrary, several years of machine operation without injury do not support a finding that Georgia-Pacific believed or knew that Manchester's injuries were substantially certain to follow from operation of the palletizer.

Regarding Manchester's argument that Georgia-Pacific failed to provide adequate training to ensure the safe operation of the palletizer, the Louisiana Supreme Court has rejected a similar argument as the basis of an employer's intentional act. In *Carrier v. Grey Wolf Drilling Co.*, 2000-1335 (La. 1/17/01), 776 So.2d 439, an employee who had been working on a oil and gas rig for three months was killed while removing a standpipe, a task which he had never before performed. The decedent's parents filed suit against their son's former employer, alleging that the employer's failure to properly train a youthful and inexperienced employee made the accident substantially certain to occur.  The trial court granted summary judgment in favor of the defendant company. The court of appeal reversed  the action of the trial court.  The Louisiana Supreme Court reinstated the trial court's summary judgment, dismissing the lawsuit. In doing so, the Court reiterated its earlier finding in *Reeves* that the belief that "someone may, or even probably will eventually get hurt if a workplace practice is continued" does not rise to the level of an intentional act. *Carrier* at 441, quoting *Reeves*, 731 So.2d at 212. In accordance with the *Carrier* decision, this Court does not find that a failure to provide additional

training to employees on the operation of the palletizer machine rises to the level of an intentional act by Georgia-Pacific.

## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment (doc. 9) by defendant Georgia-Pacific, LLC is hereby **GRANTED.**

Baton Rouge, Louisiana, November __24__, 2010.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA